1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   PAUL YATES,                              CIVIL CASE NO. 10cv312-MMA
                                              CRIMINAL CASE NO. 00cr2580-MMA-2
12                              Plaintiff,

13              vs.                           **ORDER DENYING PETITIONER'S**
                                              **MOTION TO VACATE, SET ASIDE,**
14                                            **OR CORRECT SENTENCE**
                                              **PURSUANT TO 28 U.S.C. § 2255**
15   UNITED STATES OF AMERICA,
                                              [Doc. No. 456]
16                              Defendant.

17          Petitioner Paul Yates, proceeding *pro se*, has filed a Motion to Vacate, Set Aside, or Correct

18   Sentence pursuant to 28 U.S.C. § 2255.  The Court has considered the motion, Respondent's

19   opposition, Petitioner's traverse, and all additional supporting documents submitted by the parties.

20   For the following reasons, the Court **DENIES** the motion.

21                             <u>PROCEDURAL BACKGROUND</u>

22          On November 14, 2003, a jury convicted Petitioner on nine counts of mail fraud and six

23   counts of wire fraud.  [Doc. No. 270.]  On April 28, 2004, the Court sentenced Petitioner under the

24   then mandatory sentencing guidelines to 78 months in the custody of the Bureau of Prisons, to be

25   followed by three years of supervised release.[1]  [Doc. No. 303, *amended by* Doc. No. 304.]

26   Petitioner timely filed a Notice of Appeal on May 5, 2004 [Doc. No. 309], and self-surrendered to

27   _____

28          [1]  The Honorable Napoleon A. Jones, Jr. (deceased) presiding. On November 25, 2009, this
     matter was transferred to the calendar of the undersigned.  [Doc. No. 448.]

begin serving his time in custody on July 1, 2004.  On November 16, 2004, Petitioner was released on bond pending the outcome of his direct appeal.  [Doc. No. 339.]  On November 21, 2007, the Ninth Circuit Court of Appeal filed a memorandum order affirming Petitioner's convictions, but remanding for re-sentencing pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), for consideration of whether Petitioner's sentence would have been materially different in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) (holding that the sentencing guidelines are advisory only).  [Doc. No. 409.]

On April 14, 2008, the Court again sentenced Petitioner to 78 months in custody.  [Doc. No. 416.]  The Court found that it would not have imposed a different punishment even if the guidelines had been merely advisory at the time of Petitioner's original sentencing hearing.  On April 23, 2008, Petitioner filed a timely Notice of Appeal.  [Doc. No. 417.]  On July 1, 2008, Petitioner self-surrendered to serve the remainder of his time in custody.  [Doc. No. 423.]  On July 1, 2009, the Ninth Circuit filed a memorandum order affirming Petitioner's sentence.  [Doc. No. 438.]

Petitioner now moves the Court for an order vacating, setting aside, or otherwise correcting his sentence pursuant to 28 U.S.C. § 2255, setting forth multiple grounds for relief.  [Doc. No. 456.]  Respondent filed an opposition to the motion, and Petitioner filed a traverse.  [Doc. Nos. 460 & 463.]

## LEGAL STANDARD

Under Section 2255, a court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration on any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  However, a Section 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal.  *See Olney v. United States*, 433 F.2d 161, 162 (9th Cir. 1970) ("[h]aving raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under Section 2255.").

Even when a Section 2255 petitioner has not raised an alleged error at trial or on direct

10cv312/00cr2580

appeal, the petitioner is procedurally barred from raising an issue in a Section 2255 petition if it could have been raised earlier, unless the petitioner can demonstrate both "cause" for the delay and "prejudice" resulting from the alleged error.  "To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *accord Davis v. United States*, 411 U.S. 233, 242 (1973).  To show "actual prejudice" a Section 2255 petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

The court may dismiss a Section 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Section 2255 Rules.  The court need not hold an evidentiary hearing if the allegations are "palpably incredible" or "patently frivolous," or if the issues can be conclusively decided on the basis of the evidence in the record.  *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a Section 2255 claim where the files and records conclusively show that the movant is not entitled to relief").

## DISCUSSION

Petitioner raises multiple claims, including ineffective assistance of trial and appellate counsel.  Respondent argues that certain of Petitioner's claims have been procedurally defaulted because the claims should have been, but were not, raised on direct appeal; certain claims were previously raised on direct appeal, rejected, and are barred; and, that all claims are without merit.

For the following reasons, the Court finds Petitioner's claims to be barred, defaulted, and/or without merit.  The Court declines to hold an evidentiary hearing, as the issues can be conclusively decided on the basis of the existing record.

1.    *"New" Relevant Evidence*

Petitioner previously alleged on direct appeal subsequent to re-sentencing that the Court

1   erred by failing to consider "new" evidence relating to his family obligations, conduct, and personal

2   characteristics that arose after his original sentencing.  The Ninth Circuit rejected this argument,

3   holding that "[b]ecause the limited *Ameline* remand requires only that the district court determine

4   what it would have done 'at the time' of the original sentencing, the district court was not required

5   to consider new evidence."  *United States v. Yates*, 328 Fed. Appx. 452, 453 (9th Cir. 2009)

6   (citations omitted).

7        Because Petitioner previously raised this argument on direct appeal, he is procedurally

8   barred from raising the argument in the context of a Section 2255 motion.  *See United States v.*

9   *Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (finding that the petitioner "raised this precise claim in his

10  direct appeal, and this court expressly rejected it . . . [t]herefore, this claim cannot be the basis of a

11  Section 2255 motion") (citations omitted).

12        *2.     Ineffective Assistance of Trial Counsel*

13        Petitioner raises two claims of ineffective assistance of trial counsel: (1) trial counsel failed

14  to advise Petitioner to accept the government's offer to sever his trial from that of his co-defendant;

15  and, (2) trial counsel failed to advise Petitioner regarding the mandatory nature of the sentencing

16  guidelines at the time of his original sentencing in this case.  Claims for ineffective assistance of

17  counsel are not subject to procedural default.  *Massaro v. United States*, 538 U.S. 500, 504 (2003)

18  (holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding

19  under Section 2255, whether or not the petitioner could have raised the claim on direct appeal").

20        To prevail on an ineffective assistance of counsel claim, a petitioner must show both that his

21  counsel's performance fell below an objective standard of reasonableness, and that the deficiency in

22  his counsel's performance prejudiced him.  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

23  There is a "strong presumption" that counsel's conduct was reasonable.  *Id.* at 689.  A court

24  reviewing an ineffective assistance of counsel claim "need not determine whether counsel's

25  performance was deficient before examining the prejudice suffered by the defendant as a result of

26  the alleged deficiencies . . .  If it is easier to dispose of an ineffectiveness claim on the ground of

27  lack of sufficient prejudice . . . that course should be followed."  *Pizzuto v. Arave*, 280 F.3d 949, 955

28  (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 697).

1    Petitioner argues that trial counsel was ineffective in two respects.  First, Petitioner claims

2  that trial counsel failed to advise him regarding the mandatory nature of the sentencing guidelines at

3  the time.  Second, Petitioner claims that trial counsel erred by declining the government's offer to

4  sever Petitioner's trial from that of his co-defendant on the eve of trial.  Both claims are without

5  merit.

6    Petitioner insists that if trial counsel had advised him of the then mandatory sentencing

7  guidelines, he would have entertained entering a guilty plea and avoiding trial.  Given Petitioner's

8  relentless insistence of his own innocence throughout this litigation, his current claim that he might

9  have pled guilty under different circumstances is purely speculative.  Furthermore, it appears to be

10  based on nothing more than hindsight.  The Ninth Circuit has made clear that "'[a] fair assessment of

11  attorney performance requires that every effort be made to eliminate the distorting effects of

12  hindsight. . .'" *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at

13  689).  In addition, trial counsel states in his sworn declaration that he advised Petitioner regarding

14  the mandatory nature of the sentencing guidelines numerous times, which calls into serious question

15  the truth of Petitioner's assertion.  *See Gov't. Ex.* 9 at 295 ¶ 5.  However, even if truthful, Petitioner

16  fails to demonstrate prejudice, or to otherwise show how his willingness to consider a guilty plea

17  might have resulted in a different outcome.

18    Petitioner also claims that trial counsel rendered incompetent service when he declined the

19  government's eleventh hour offer to sever Petitioner's trial from that of his co-defendant.  As a

20  general proposition, counsel are afforded wide latitude in formulating trial tactics and strategy.

21  *Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995).  A tactical decision amounts to ineffective

22  assistance of counsel "only if it was so patently unreasonable that no competent attorney would have

23  chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983); *Cf. Strickland*, 466 U.S. at

24  690.  Here, counsel moved for a severance no less than three times prior to trial.  After the Court's

25  repeated denials, counsel understandably prepared his entire trial strategy based on the expectation

26  of a joint trial.  Thus, when presented with a last minute offer to sever his client's trial from that of

27  his co-defendant, it was completely reasonable to reject the offer.  "The relevant inquiry under

28  *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by

1    defense counsel were reasonable." *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir.1988).

2          As trial counsel noted on the record before the Court at that time, counsel for Petitioner's co-

3    defendant was going to carry the burden of defending against the overwhelming amount of evidence

4    against both individuals.  For this reason, among others, Petitioner *himself* advised the Court on the

5    record that he preferred to be tried jointly with his co-defendant.  Furthermore, on the sixth day of

6    trial, Petitioner's counsel moved once again for a severance, which the Court denied, demonstrating

7    that counsel continued to elevate his client's best interests over an allegiance to any particular trial

8    strategy.  Finally, even if trial counsel's performance was deficient, Petitioner fails to demonstrate

9    prejudice.  Petitioner has not shown "a reasonable probability that the verdict would have been

10   different" if his trial had been severed from that of his co-defendant.  *Kimmelman v. Morrison*, 477

11   U.S. 365, 375 (1986) (where petitioner alleges counsel did not litigate a claim competently,

12   petitioner must show the claim is meritorious).

13          3.     *Unreasonable Sentence*

14                 a)     Procedural Bar

15          Petitioner previously alleged on direct appeal subsequent to re-sentencing that the Court

16   imposed a substantively unreasonable sentence under *United States v. Booker*, 543 U.S. 220 (2005).

17   The Ninth Circuit considered this argument and declined to address its merits, holding that "Yates

18   also contends that his sentence is unreasonable.  We decline to review this contention because Yates

19   failed to raise the issue in his initial appeal."  *Yates*, 328 Fed. Appx. at 453 (citing *United States v.*

20   *Thornton*, 511 F.3d 1221, 1229 (9th Cir. 2008) (holding that "claims that are unrelated to the

21   *Ameline* remand and that were available but not raised on the first appeal cannot be raised for the

22   first time on the second appeal") and *United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir. 2006)

23   ("The limited [*Ameline*] remand procedure left no room for the district judge to consider new

24   objections to the original sentence -- objections defendant could have raised the first time around,

25   but failed to do so.")).

26          Because Petitioner previously raised this argument on direct appeal subsequent to re-

27   sentencing, he is procedurally barred from raising the argument in the context of a Section 2255

28   motion.  *See United States v. Redd*, 759 F.2d at 701.

1          b)        Ineffective Assistance of Appellate Counsel

2          As a corollary to the above claim, Petitioner argues that appointed appellate counsel was

3   ineffective for failing to challenge the reasonableness of his sentence under *United States v. Booker*

4   on direct appeal of his original sentence.

5          The *Strickland* standards, discussed *supra*,  apply to appellate counsel as well as trial

6   counsel.  *Smith v. Murray*, 477 U.S. 527, 535-36  (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433

7   (9th Cir. 1989).  However, an indigent defendant "does not have a constitutional right to compel

8   appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of

9   professional judgment, decides not to present those points."  *Jones v. Barnes*, 463 U.S. 745, 751

10  (1983).  Thus, counsel is not deficient for failing to raise a weak issue.  *See Miller*, 882 F.2d at 1434.

11  In order to demonstrate prejudice in this context, a petitioner must show that, but for appellate

12  counsel's errors, he probably would have prevailed on appeal.  *Id.* at 1434 n.9.

13         Petitioner's claim is without merit.  Although appellate counsel may not have raised the issue

14  of *Booker* reasonableness on direct appeal of Petitioner's original sentence, counsel did challenge

15  the overall sentence and guideline calculations.  *United States v. Yates*, 272 Fed. Appx. at 542

16  ("Yates challenges his sentence because the court found facts at sentencing which increased the

17  guideline range and followed the guidelines as if they were mandatory.")  "Determination that the

18  district court properly calculated the Guidelines range is part of *Booker*'s reasonableness review."

19  *United States v. Thornton*, 511 F.3d 1221, 1227, fn.3 (9th Cir. 2008) (citation omitted).  As such, the

20  substance of any *Booker* challenge was presented to the circuit court on direct appeal, in addition to

21  a complete record in support of such challenge and all pertinent underlying facts.

22         Furthermore, appellate counsel sought a full remand for re-sentencing as he might have done

23  in the context of a *Booker* challenge, however the Ninth Circuit determined that only a limited

24  remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), was appropriate.

25  Thereafter, appellate counsel raised the issue of *Booker* reasonableness on remand before the

26  sentencing judge.  Finally, appellate counsel raised the reasonableness of Petitioner's sentence under

27  *Booker* on direct appeal subsequent to re-sentencing.  Appellate counsel consistently challenged

28  Petitioner's sentence and did not render constitutionally deficient representation at any point during

1   the lengthy appellate proceedings in this case.  Regardless, Petitioner was not prejudiced.  At each

2   stage of appeal, the court considered all of the facts that would have been relevant to a determination

3   of the reasonableness of Petitioner's sentence under the *Booker* standard of review.

4          *4.      Sentencing Enhancement*

5          Petitioner previously alleged on direct appeal of his original sentence that the sentencing

6   judge applied the incorrect standard when determining that the amount of loss was sufficient to

7   support a 16 level increase in Petitioner's base offense level.  Petitioner cites *United States v Jordan*,

8   256 F.3d 922, 927 (9th Cir. 2001), for the proposition that the government should have been held to

9   a clear and convincing standard when calculating the fraud losses.  In *Jordan*, the court held that

10  "when a sentencing factor has an extremely disproportionate effect on the sentence relative to the

11  offense of conviction, due process requires that the government prove the facts underlying the

12  enhancement by clear and convincing evidence."  *United States v. Jordan*, 256 F.3d 922, 926 (9th

13  Cir. 2001).  Petitioner asserts that without the 16 level enhancement, his base offense level was 6,

14  setting the guideline range at 0 to 6 months, versus 41 to 51 months at a level 22.

15         Because Petitioner previously raised this argument on direct appeal of his original sentence,

16  he is procedurally barred from raising the argument in the context of a Section 2255 motion.  *See*

17  *United States v. Redd*, 759 F.2d at 701; *see Yates*, 272 Fed. Appx. at 543 ("Yates and McCray both

18  challenge the standard used to calculate the loss amount related to their participation in the fraud,

19  and the amount and specificity of their restitution orders.  We hold that the district court correctly

20  used a preponderance of the evidence standard to calculate the loss amounts because its factual

21  findings did not disproportionately affect the sentence imposed.").

22         *5.      Restitution*

23         Petitioner previously alleged on direct appeal of his original sentence that the sentencing

24  judge imposed a restitution order that was not supported by the record, and without taking into

25  consideration Petitioner's financial resources.

26         Because Petitioner previously challenged his restitution order on direct appeal of his original

27  sentence, he is procedurally barred from doing so in the context of a Section 2255 motion.  *See*

28  *United States v. Redd*, 759 F.2d at 701; *Yates*, 272 Fed. Appx. at 543 ("Yates and McCray both

1   challenge . . . the amount and specificity of their restitution orders.”).

2        In addition, Respondent asserts that Petitioner has procedurally defaulted his financial

3   resources claim by failing to raise the specific objection at the time of sentencing or on direct appeal.

4   However, the Court need not determine whether Petitioner defaulted this claim because he “cannot

5   collaterally attack his restitution order in a Section 2255 motion.”  *United States v. Thiele*, 314 F.3d

6   399, 401 (9th Cir. 2002).  Incorporating a restitution relief claim into a motion for release from

7   custody does not sidestep the prohibition because “[n]on-cognizable claims do not morph into

8   cognizable ones by osmosis.”  *Id.* at 402.  Courts are bound to consider the nature of relief sought,

9   and if such relief is unavailable under Section 2255, then a court may not grant it.  *Id.*  This point

10   aside, Petitioner’s claim fails on its merits because in his case, an award of restitution was

11   mandatory without consideration of his economic situation, including his financial resources or lack

12   thereof, because the offenses included “those committed by deceit or fraud.”  *See* 18 U.S.C. §

13   3663A.

14        *6.    Consecutive Sentences*

15        Petitioner claims that the sentencing judge erred by imposing consecutive terms of

16   incarceration.  Petitioner failed to raise this claim at trial or on direct appeal.  Consequently, he

17   procedurally defaulted his claim and is barred from relief absent a show of cause and prejudice, or

18   actual innocence.  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  “If a criminal defendant

19   could have raised a claim of error on direct appeal but nevertheless failed to do so, he must

20   demonstrate both cause excusing his procedural default, and actual prejudice resulting from the

21   claim of error.”  *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).  “Generally, to

22   demonstrate ‘cause’ for procedural default, an appellant must show that ‘some objective factor

23   external to the defense’ impeded his adherence to the procedural rule.”  *United States v. Skurdal*,

24   341 F.3d 921, 925 (9th Cir. 2003).

25        Petitioner does not address the issue of default, much less demonstrate cause, prejudice, or

26   actual innocence.

27        *7.    Miscellaneous Additional Claims*

28        Petitioner raises several additional claims that are “patently frivolous,” do not warrant

extended discussion, and are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977). Petitioner argues that the sentencing judge harbored prejudice and bias against him, such that it rendered his sentence unconstitutional, and the allegedly poor health of the judge at the time of Petitioner's sentencing may have had a deleterious effect on the judge's thought and reasoning. These claims arise from unfounded speculation and are subject to dismissal as vague, conclusory, and totally unsupported by any specific facts. Finally, Petitioner claims that the sentencing judge erred in overruling his objections to the pre-sentence report. To the extent Petitioner raised sentencing guideline issues on direct appeal, such claims are procedurally barred. The remainder of the issues have been procedurally defaulted.

## CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability before pursuing any appeal from a final order in a Section 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B). When the denial of a Section 2255 motion is based on the merits of the claims in the motion, a district court should issue a certificate of appealability only when the appeal presents a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner is required to show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983), superseded on other grounds by 28 U.S.C. § 2253(c)(2)); *see also Mendez v. Knowles*, 556 F.3d 757, 771 (9th Cir. 2009). Furthermore, the Supreme Court has stated:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484. Because Petitioner has not made a substantial showing of the denial of a constitutional right, and because the Court finds that reasonable jurists would not debate the denial of Petitioner's motion, the Court declines to issue a certificate of appealability.

///

10cv312/00cr2580

1

## CONCLUSION

2       Based on the foregoing, the Court **DENIES** Petitioner's motion to vacate, set aside, or

3   correct his sentence pursuant to 28 U.S.C. § 2255 without an evidentiary hearing, as the record

4   conclusively shows that Petitioner is not entitled to relief.  Furthermore, the Court declines to issue a

5   certificate of appealability.

6       **IT IS SO ORDERED**.

7   DATED:  March 29, 2011

8                                          *Michael M. Anello*

9                                          Hon. Michael M. Anello
                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28